# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARRY PANETTA,          :      CIVIL ACTION
          Plaintiff,         :
       v.              :
                         :
SAP AMERICA, INC., MATTHEW  :      NO.  05-4511
IACOVIELLO,  COURTNEY     :
DEPETER, PATRICIA LAVAN,   :
BILL MCDERMOTT, and       :
TERRY LAUDAL,             :
          Defendants.      :

## MEMORANDUM AND ORDER

Stengel, J.                                         April 6, 2006

## I.        Background

This lawsuit arises out of a contract dispute between Mr. Panetta and his former employer, SAP America.  Mr. Panetta alleges that he was not paid commissions owed under a Commission Plan due to his efforts in closing a $14,650,000.00 contract with the United States Postal Service ("USPS").  Mr. Panetta alleges that he expected to receive approximately $250,000.00 in commissions from the sale, but that SAP America "unilaterally" changed the compensation agreement upon completion of the sale, which reduced his commission to $12,400.00.  Mr. Panetta sued SAP America in the Northern District of California for the money he believes he is owed for the USPS sale.  The case was transferred to the Eastern District of Pennsylvania, at which point Mr. Panetta amended his Complaint to include claims under Pennsylvania law, as well as class action

allegations.  With regard to the latter, Mr. Panetta purports to sue on behalf of a class of

SAP employees who worked on the USPS sale, but were denied commissions owed when

SAP changed its Commission Plan.  He has brought claims under the Pennsylvania Wage

Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, and "other applicable payment

acts," as well as a breach of contract claim.

   Defendants filed a Motion to Dismiss and to Deny Class Certification.  For

the reasons discussed below, I will grant the motion to strike class allegations and deny

class certification and deny the motion to dismiss.

**II.**   **Motion to Strike Class Allegations**

   The purposes of class action lawsuits is to avoid multiplicity of actions and

to enable individuals to assert small claims they would otherwise be unable to litigate

because of cost concerns.  *See, e.g., Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S.

345, 349 (1983).  To be certified as a class under Federal Rule of Civil Procedure 23, the

plaintiff must plead numerosity, commonality, typicality and adequacy.  FED. R. CIV. P.

23(a).  Under the requirements of the Rules, therefore, a purported class must: (a) be so

numerous that joinder of all members individually is impracticable; (b) have a question of

law or fact common to all members; (c) have a class representative whose claims or

defenses are typical to the rest of the class; and (d) have a class representative who will be

able to fairly and adequately protect the interests of the class as a whole.  *Id*.  Further, in

addition to the requirements set forth in subsection (a), one of the following requirements

must also be met:

>(1) the prosecution of separate actions by or against
individual members of the class would create a risk of
>>(A) inconsistent or varying adjudications
with respect to individual members or the class which would
establish incompatible standards of conduct for the party
opposing the class, or
>>(B) adjudications with respect to
individual members of the class which would as a practical
matter be dispositive of the interests of the other members not
parties to the adjudications or substantially impair or impede
their ability to protect their interests; or
>(2) the party opposing the class has acted or refused to
act on grounds generally applicable to the class, thereby
making appropriate final injunctive relief or corresponding
declaratory relief with respect to the class as a whole; or
>(3) the court finds that the questions of law or fact
common to the members of the class predominate over any
questions affecting only individual members, and that a class
action is superior to other available methods for the fair and
efficient adjudication of the controversy.  The matters
pertinent to the findings include: (A) the interest of members
of the class in individually controlling the prosecution or
defense of separate actions; (B) the extent and nature of any
litigation concerning the controversy already commenced by
or against members of the class; (C) the desirability or
undesirability of concentrating the litigation of the claims in
the particular forum; (D) the difficulties likely to be
encountered in the management of a class action.

FED. R. CIV. P. 23(b).  In this case, Mr. Panetta has included general

allegations under Rule 23(b)(1) and (3).

Mr. Panetta makes general allegations in his First Amended Class Action

Complaint that the class satisfies all four of the requirements in Rule 23(a).  There are,

however, deficiencies with regard to all four prongs.  First, though there is no specific

number below which a purported class fails to fulfill the numerosity requirement, *see*

*Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001), if a class number falls below

40, it should not generally be qualified.  *Id*.  Here, plaintiff merely recited that the size of

the purported class is "so numerous . . . making joinder impracticable."  Further, in his

response to defendants' assertion in their motion to strike that the purported class is only

six people, Mr. Panetta argued only that there were "many" plaintiffs.  He did not plead a

specific number of plaintiffs, nor did he even attempt to estimate the number of

individuals in the purported class.[1]

       Second, "commonality" requires that the class of plaintiffs share at least one

question of law with the class representative.  *See Baby Neal v. Casey*, 43 F.3d 48, 56 (3d

Cir. 1994).  Because plaintiff brings this lawsuit solely under state law, he fails under the

commonality prong as well.  He declines to posit how many states' laws will be

applicable to this suit, but if any of the class members are in states other than

Pennsylvania, the collective claims will fail commonality because a different legal

standard will apply to each individual class member's specific claim.  For the same

reason, plaintiff fails the "typicality" prong, which requires the class representative's

---

[1] Plaintiff attempts to cure this defect in his Motion to File a Second Class Action Amended Complaint, estimating the number of plaintiffs as "over 300."  For the reasons discussed below on why the class should not be certified for failure to comply with Rule 23(b), I will deny the Motion to File a Second Class Action Amended Complaint as futile, so the amended allegations of over 300 individuals is irrelevant here.  Further, including over 300 individuals, from throughout the country, in an amended Complaint would exacerbate plaintiff's deficiencies with regard to commonality and typicality under Rule 23(a).

claims to be typical to those of the rest of the class.  FED. R. CIV. P. 23(a)(3); *see also*

*Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259, 260-61 (E.D. Pa. 2004).

   The more glaring deficiency in plaintiff's class action complaint, however,

is its failure to comply with Rule 23(b).  First, Rule 23(b) was created primarily to

authorize class action lawsuits that seek injunctive relief.  *See* FED. R. CIV. P. 23(b);

*Stewart*, 275 F.3d at 228.   A class may be certified under Rule 23(b)(1)(A) if monetary

damages are sought, along with injunctive relief, but the monetary relief must not

predominate.  *See Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 WL 372644, *13

(E.D. Pa. May 14, 1998).  Here, plaintiff seeks only monetary damages.

   Second, plaintiff urges the court to find that separate actions by members of

the purported class would create a risk of inconsistent adjudications, establishing

incompatible standards of conduct for the defendant.  *See* FED. R. CIV. P. 23(b)(1)(A).

This argument is without merit.  This requirement was designed to apply to cases in

which it would be impossible for the defendant to comply with conflicting outcomes,

specifically with regard to injunctive relief.  *See generally* FED. R. CIV. P. 23 advisory

committee's note, 39 F.R.D. 98, 100 (1966); SCHWARZER, TASHIMA & WAGSTAFFE,

FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 10:390  (The Rutter Group 2004) ("It is not

enough that defendant might be found liable in one case and not in others. . .  Nor is a risk

of later money judgments 'incompatible' with earlier judgments.").  Thus, though

separate adjudications could result in inconsistent liability, there is no risk of

incompatible standards of conduct for the defendants.

Third, plaintiff argues in the alternative that the class should be certified

under Rule 23(b)(3), which requires a "predominance" of common issues and the

"superiority" of a class action as a means to litigate the issues.  FED. R. CIV. P. 23(b)(3);

*see also Pichler v. UNITE*, 228 F.R.D. 230, 257-59 (E.D.Pa. 2005).  "The Rule 23(b)(3)

predominance inquiry tests whether the class is sufficiently cohesive to warrant

adjudication by representation, and mandates that it is far more demanding than the Rule

23(a)(2) commonality requirement." *In re LifeUSA Holding Inc.,* 242 F.3d 136, 144 (3d

Cir. 2001).  This case is essentially about a contract, and whether it was applied

adequately to compensate plaintiff and each of the individuals in the purported class.  In

order to determine the amount owed, a specific factual inquiry would have to be

performed for each member of the class.  In essence, even if it is accepted that each

member of the class was a party to the same contract, and worked on the same project

under that contract, an individualized determination would need to be made to determine

the defendants' specific liability to each class member.  *See Pichler*, 228 F.R.D. at 258

(noting that individualized determinations may defeat 23(b)(3) certification).  Further, an

inquiry into the applicable law would have to be done with regard to each individual

plaintiff.  As discussed further below, plaintiff has brought suit under state Wage

Payment Acts and state contract law.  Therefore, in addition to an individualized inquiry

as to how the contract applies to each class member, an additional individualized inquiry

would have to be done into the applicable law.  As a result, I find that plaintiff fails to

clear the predominance hurdle.

However, even if plaintiff could prove predominance, he would be unable

to prove superiority.  "The superiority requirement asks the court to balance, in terms of

fairness and efficiency, the merits of a class action against those of alternative available

methods of adjudication."  *In re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 533-34

(3d Cir. 2004) (internal quotations omitted).  Rule 23(b)(3) establishes specific, non-

exclusive, criteria to determine superiority.  The relevant considerations include:

> (A) the interest of members of the class in individually
> controlling the prosecution or defense of separate actions; (B)
> the extent and nature of any litigation concerning the
> controversy already commenced by or against members of the
> class; (C) the desirability or undesirability of concentrating
> the litigation of the claims in the particular forum; (D) the
> difficulties likely to be encountered in the management of a
> class action.

FED. R. CIV. P. 23(b)(3).  There is very little indication that there is a superior interest in

litigating the claims of the purported class.  Plaintiff has brought this suit to litigate a

contract that must be applied differently to different people, and he has brought it under

"the Pennsylvania Wage Payment Act . . . and all other applicable Wage Payment Acts in

every jurisdiction." Compl. ¶15.  There is little benefit to litigating together claims made

under different state statutes, which may apply to the different plaintiffs in inconsistent

ways.  Further, there is no reason to litigate out-of-state Wage Payment Act claims in

Pennsylvania, when an individual or multi-party suit could be filed in a local district court with knowledge and experience in that state's law.  Moreover, Count II, which alleges breach of contract, would also be controlled by state law, and would be better handled by the local court system.  Thus, I find that plaintiff has failed to prove the superiority prong of Rule 23(b)(3), and the court will not certify this class.  An appropriate Order follows.

**III.        Motion to Dismiss**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint.  *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987).  The court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In deciding a motion to dismiss, the court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *Id.*; *see also D.P. Enters. v.  Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984).

Defendants urge the court to grant their motion to dismiss because the applicable commission contract was for the year 2000, and the USPS contract was executed in 2004.  In response, plaintiff alleges that extraneous promises were made and that the contract is ambiguous because the compensation plan was actually a group of five consecutive contracts.  Without judging the merits of the claim, I find that plaintiff has

plead sufficient facts to proceed past the motion to dismiss, at this very early stage. Defendants' motion will therefore be denied in this regard.

Defendants further move to dismiss the action against the individually named defendants. The Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*, defines "employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2. "Employer" has been further defined to include a corporation's highest officers. *See Belcufine v. Aloe*, 112 F.3d 633, 635 (3d Cir. 1997). Defendants are correct that an officer's liability under the PWPCL is contingent on liability of the company to the employee. *See id*. at 639. However, at this early stage in litigation, the Complaint, read broadly, alleges a cause of action for unpaid wages under a compensation agreement, both against the corporation and therefore against senior officers in the company. Thus, I find that it is premature to dismiss the claims against the individual defendants. I will deny the Motion to Dismiss. An appropriate Order follows.

# ORDER

**AND NOW,** this 6th day of April, 2006, after consideration of Defendants'
Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike Plaintiff's Class
Action Allegations (Dkt. # 10), and any responses thereto, it is hereby **ORDERED** that
Defendants' Motion to Dismiss is **DENIED**.  It is furthered **ORDERED** that the Motion
to Strike Plaintiff's Class Action Allegations is **GRANTED**.

It is further **ORDERED** that after consideration of Plaintiff's Motion for Leave to
File a Second Amended Class Action Complaint (Dkt. # 24), and any responses thereto,
the Motion  is **DENIED**.

Plaintiff is directed to file an Amended Complaint complying with this Order
within thirty (30) days of this Order.

BY THE COURT:


_____/s/ Lawrence F. Stengel_____
LAWRENCE F. STENGEL, J.