IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY PANETTA,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 05-4511** |
| | : | |
| **SAP AMERICA, INC., et al.,** | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Stengel, J.                                                                                      September 20, 2006

The plaintiff, Larry Panetta, filed a motion with the court on July 5, 2006, (1) requesting the court to reconsider its Order of June 22, 2006, and (2) for leave to amend the complaint to add class action allegations and a claim of quantum meruit/unjust enrichment.  The court's June 22nd Order struck from the plaintiff's Second Amended Complaint (1) class action allegations because they were in violation of this court's order of April 6, 2006, and (2) a quantum meruit/unjust enrichment claim because the plaintiff did not request leave to amend the complaint substantively.  The defendants filed their memorandum of law in opposition to the plaintiff's motion for reconsideration and leave to amend on July 19, 2006.  For the reasons stated below, I will deny both the motion to reconsider and the right to amend the complaint.

**I.     BACKGROUND**

This case arises out of a contract dispute between Mr. Panetta and his former employer, SAP America, Inc. ("SAP").  During the last several years that Mr. Panetta

worked at SAP as a solution engineer, in particular the years 2000-2004, his employment focused on solidifying a business "opportunity" for SAP with the United States Postal Service ("USPS").  In 2004, SAP and USPS executed a software licensing contract.

Mr. Panetta claims that he was not paid commissions that were owed to him due to his efforts in closing the $14,650,000.00 contract with the USPS.  Mr. Panetta alleges that the terms of the pre-2004 Compensation Plans ("pre-2004 Plans") should determine the amount of his commission on the USPS contract, which would entitle him to approximately $250,000.00.  According to Mr. Panetta, however, SAP unilaterally changed its compensation agreement with all solution engineers upon completion of the USPS contract and prior to its execution.  This new compensation agreement reduced his commission for the USPS project to $12,400.00

Defendants oppose Mr. Panetta's breach of contract and Pennsylvania Wage Payment and Collection Law claims.  They allege that the SAP 2004 Compensation Plan should govern the amount of Mr. Panetta's commission for the USPS contract.  Under the defendants' argument, the SAP compensation plans were only in effect for the corresponding calendar year, the commissions were earned in the year in which the contract was executed, the USPS contract was executed in 2004, and, therefore, the 2004 Plan should determine Mr. Panetta's USPS commission.

Mr. Panetta initiated this case in the Northern District of California.  The case was transferred to the Eastern District of Pennsylvania, at which point Mr. Panetta amended his

complaint to include the claims under Pennsylvania law and class action allegations. With regard to the class action, Mr. Panetta purported to represent a class of SAP employees who worked on the USPS contract and were affected by the unilateral change in the compensation plan. On April 6, 2006, this court granted the defendants' motion to strike the class action allegations. Panetta v. SAP Am., Inc., No. 05-4511, 2006 U.S. Dist. LEXIS 17556 (E.D. Pa. Apr. 6, 2006) ("April 6th Memo & Order"). I held Mr. Panetta failed to satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").[1] In addition, I ordered the plaintiff to file an amended complaint in compliance with my holding.

On April 18, 2006, the plaintiff filed a Class Action Second Amended Complaint. The new complaint contained class action allegations in direct contravention of this court's April 6th Memo & Order. The new complaint also asserted a claim for quantum meruit/unjust enrichment for the first time. On June 22, 2006, this court granted the defendants' motion to strike the class action allegations and the claims for quantum meruit/unjust enrichment. See Docket No. 46 ("June 22nd Order"). Mr. Panetta filed a motion to reconsider the June 22nd Order and for leave to amend the complaint on July 5, 2006.

## II.    MOTION FOR RECONSIDERATION OF ORDER DENYING CLASS CERTIFICATION

### A.    Motion to Reconsider Standard

---

[1] Federal Rule of Civil Procedure 23 sets forth the requirements for class certification. It is a two prong test, which is spelled out infra in Section II.B.

"The purpose of the motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion to reconsider is appropriate where: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is need to prevent manifest injustice or correct a clear error of law.  See North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995); New Chemic (U.S.), Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 18-19 (E.D. Pa. 1996).

"A motion for reconsideration is not intended to provide a losing party with a second bite at the apple."  Yang v. AstraZeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at * 2-3 (E.D. Pa. Aug. 29, 2005).  It "is not properly grounded on a request that a court reconsider repetitive arguments that have been fully examined by the court." Tobin v. Gen. Elec. Co., No. 95-4003, 1998 U.S. Dist. LEXIS 693, at *4 (E.D. Pa. Jan. 27, 1998).  The motion should "address[] only factual and legal matters that the court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal alterations omitted).

B.  Class Certification

In order for a plaintiff to successfully obtain class certification, the plaintiff must satisfy the prerequisites of Rule 23(a).  Pursuant to Rule 23(a), the plaintiff must

demonstrate : "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  In addition, the plaintiff must prove that the class is maintainable under one of the categories of Rule 23(b).[2]  See Baby Neal v. Casey, 43 F.3d 48, 55-56 (3d Cir. 1994); In re Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 132-33 (2d Cir. 2001).

    C.    New Evidence

Mr. Panetta rests his motion for reconsideration on newly discovered evidence grounds.  He argues that as a result of information revealed at depositions of SAP

---

[2] Federal Rule of Civil Procedure 23(b) states:
An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.
Fed R. Civ. P. 23(b).

corporate designees in June of 2006 the court should reinstate his class action claims. In particular, he claims that defendant Matthew Iacoviello stated that "multiple folks" within SAP were affected like Mr. Panetta by the change in the compensation plan in 2004. According to Mr. Panetta, this proves that at least 350 people "were not paid contractually and legally earned commissions by Defendants" and this proof satisfies all four requirements of Rule 23(a) - numerosity, commonality, typicality, and adequacy. Mr. Panetta does not address Rule 23(b).

Although Mr. Panetta may be correct regarding the satisfaction of several requirements of Rule 23(a),[3] Mr. Panetta ignores the second element of the class action inquiry, i.e., Federal Rule of Civil Procedure 23(b). He does not indicate how this new evidence eliminates what this court indicated was "[t]he more glaring deficiency in plaintiff's class action complaint, . . . its failure to comply with Rule 23(b)." Panetta v. SAP Am., Inc., No. 05-4511, 2006 U.S. Dist. LEXIS 17556, at *7 (E.D. Pa. Apr. 6, 2006).

In fact, in the April 6th Memo & Order, the court considered what Mr. Panetta is now classifying as new evidence. During the pendency of the defendants' motion to strike the class allegations, the plaintiff filed a Motion to File a Second Class Action Amended

---

[3] "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class. . . . Because the requirement may be satisfied by a single common issue, it is easily met." Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994) (citations omitted). "Typicality entails an inquiry whether 'the named plaintiff's individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based. . . . Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." Id. at 57-58 (internal quotations and citations omitted).

Complaint, estimating the number of plaintiffs as "over 300." In the first footnote of the April 6th Memo & Order striking the class action, the court stated: "Plaintiff attempts to cure [the numerosity] defect in his Motion to File a Second Class Action Amended Complaint, estimating the number of plaintiffs as 'over 300.' For the reasons discussed below on why the class should not be certified for failure to comply with Rule 23(b), I will deny the Motion to File a Second Class Action Amended Complaint as futile . . . ." Panetta, 2006 U.S. Dist. LEXIS 17556, at *6 n.1. The plaintiff's motion, therefore, offers absolutely no new evidence for this court to consider. The plaintiff does not present any argument as to why his class action allegations now comply with Rule 23(b).

Accordingly, I will deny the plaintiff's motion for reconsideration for failure to offer any new evidence for this court's consideration.[4]

---

[4] In my April 6th Memo and Order, the class was not certified under Rule 23(b)(3) because the plaintiff did not show a "predominance" of common issues and the "superiority" of a class action as a means to litigate these issues. One of the bases for both of these findings was that each class member's claim would be litigated under different state statutes. The court notes that the 2003 and 2004 Compensation Plans have a choice-of-law and mandatory forum-selection clause and "all provisions of the plan must be construed, administered and enforced according to applicable Federal law and the laws of the Commonwealth of Pennsylvania." See Panetta v. SAP Am., Inc., No. C-05-01696 RMW, 2005 U.S. Dist. LEXIS 36813 (N.D. Cal. July 20, 2005). The plaintiff did not raise this fact in support of his motion, but the court addresses the issue on its own for the sake of correctness. The court finds those contract clauses would not affect its previous "predominance" and "superiority" holdings. Even if Pennsylvania state law were to apply to all claims in Mr. Panetta's putative class, the other grounds for my finding regarding the satisfaction of Rule 23(b)(3) would lead to the same conclusion. Class certification would be denied due to the individualized determinations that would still need to be made for each class member regarding: (1) the contracts they worked on; (2) the time spent on and contribution to the contracts they worked on; (3) when the contracts were "booked;" and (4) the impact of the various compensation plans on any earned commission. See In re Chiang, 385 F.3d 256, 273 (3d Cir. 2004) (finding that under the predominance inquiry "[t]he common issues must constitute a 'significant part' of the individual cases"); In re LifeUSA Holding, 242 F.3d 136, 144 (3d Cir. 2001) (noting the requirements of Rule 23(b)(3) promote the "uniformity of decisions of those similarly situated"); Meyer v. CUNA Mut. Group, No. 03-602, 2006 U.S. Dist. LEXIS 4478, at *66 (E.D. Pa. Jan. 25, 2006) ("The predominance inquiry focuses on whether the proposed class is sufficiently cohesive to warrant adjudication by representation."). With Mr. Panetta, we are dealing only with his efforts on one contract, the USPS contract. He worked on the USPS contract, almost exclusively, between 2000-2004 and it was executed in 2004. Mr. Panetta's claims center on the facts and circumstances that surround the USPS contract and the proper commission owed him based upon when the USPS contract was completed.

### III.  MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD CLASS ACTION ALLEGATIONS AND QUANTUM MERUIT/UNJUST ENRICHMENT CLAIM

#### A.  Standard to Grant Leave to Amend Complaint

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course. . . . Otherwise, a party may amend the party's pleadings only by leave of course . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  "While this Rule also states that leave to amend should be 'freely given,' a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003) (citing Foman v. Davis, 371 U.S. 178 (1962)).

#### B.  Class Action Allegations

For the reasons stated above denying class certification, I will deny Mr. Panetta's request to amend his complaint to add class action allegations.

#### C.  Quantum Meruit/Unjust Enrichment Claim

Mr. Panetta seeks the court's permission to add an quantum meruit/unjust enrichment claim to his complaint.  He argues the court should liberally allow amendments and that Rule 15(b) permits amendments to conform to the evidence.  The basis for his unjust enrichment claim is that he conferred on SAP and its management team the benefit of the USPS contract and they did not fairly distribute the millions from the contract to

him. The defendants argue the amendment to the pleadings should not be allowed because it was made in bad faith, it would prejudice the defendants, and the cause of action is futile.

Mr. Panetta initiated this case in March of 2005. When the case was transferred to this court from California in August of 2005, Mr. Panetta amended his complaint for the first time. At that time, any unjust enrichment claim was known to the plaintiff because the cause of action arises out of the same set of facts as the breach of contract claim. It was not until July of 2006, however, that Mr. Panetta first requested leave to add the quantum meruit/unjust enrichment claim to his complaint. The undue delay in seeking to amend the complaint again has not been explained.

In addition, when Mr. Panetta filed this current motion, discovery was closed. The defendants were preparing their motion for summary judgment, which was filed with this court on July 14, 2006. As a result, any amendment to the complaint will prejudice the defendants and their attorneys in their efforts and costs to defend this action. See Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 642 (3d Cir. 1993) (upholding a district court's authority to deny amendments to the pleadings after discovery has closed based on the prejudice to the defendant).

Finally, the cause of action Mr. Panetta requests to add is futile. A claim of unjust enrichment is defeated by the existence of an enforceable contract. See Schott v. Westinghouse Electric Corp., 259 A.2d 443, 448 (Pa. 1969); see also Matter of Penn

Center Transp. Co., 831 F.2d 1221, 1230 (3d Cir. 1987); Synesiou v. DesignToMarket, Inc., No. 01-5358, 2002 U.S. Dist. LEXIS 5687, at *13-15 (E.D. Pa. Apr. 3, 2002). "Under Pennsylvania law, 'the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded on a written agreement or express contract.'" Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) (quoting Schott, 259 A.2d at 448 (Pa. 1969)). Here, during Mr. Panetta's entire employment with SAP, his compensation was determined by the terms of an annual contract, i.e., the compensation plans. The parties agree that a contract always existed between them and it governed the compensation of Mr. Panetta. The only dispute in this matter is what annual compensation contract controls, i.e., what contract should be used to determine the commission owed Mr. Panetta for his work on the USPS contract.

Accordingly, based on the undue delay by the plaintiff, the resulting prejudice to the defendants, and the futility of the claim, I will deny the motion for leave to amend the complaint to add a claim of quantum meruit/unjust enrichment.

**IV.    CONCLUSION**

I will deny the plaintiff's motion for reconsideration of this court's Order of June 22, 2006, and for leave to amend the complaint to add class action allegations and a claim of quantum meruit/unjust enrichment. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY PANETTA,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 05-4511 |
| | : | |
| **SAP AMERICA, INC., et al.,** | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 20th day of September, 2006, upon consideration of the Plaintiff's Motion for Reconsideration and for Leave to Amend the Complaint (Docket No. 47), and the response thereto, it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.